UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CLEVELAND JOHNSON, ET AL.                     CIVIL ACTION

VERSUS                                         NO. 19-13732

HDI GLOBAL SPECIALTY SE, ET AL.               SECTION "R" (2)

## ORDER AND REASONS

Before the Court is the parties' joint motion for approval of a settlement affecting a minor's interests.[1] For the following reasons, the Court denies the motion without prejudice.

## I.  DISCUSSION

This case arises from a slip-and-fall that occurred at a McDonald's restaurant in Slidell, Louisiana on May 4, 2019.[2] According to the amended complaint, plaintiffs' 12-year-old son, C.J., slipped on rain water on the McDonald's floor.[3] Plaintiffs allege that C.J.'s accident was the result of defendants' negligence in failing to place a mat or other protective equipment

---

1   R. Doc. 33.
2   R. Doc. 1 at 2, ¶ 5.
3   R. Doc. 20 at 1.

by the restaurant's door.[4] C.J. allegedly suffered injuries to his head, brain, and clavical, including a disruption of a shunt in his brain which required surgical repair.[5] On November 20, 2019, plaintiffs filed this action on behalf of their minor child.[6] On April 6, 2021, after the parties advised the Court that they had firmly agreed upon a compromise, the Court issued an order dismissing this matter for 60 days pending consummation of the settlement.[7] On June 23, 2021, the parties jointly filed this motion for approval of the settlement.[8]

The parties fail to show that they have satisfied the requirements for judicial approval of their settlement. The parties acknowledge that Louisiana law applies to this motion,[9] and that they must satisfy certain explicit statutory requirements to render their settlement effective.[10] *See Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998). The applicable provision of the Louisiana Code of Civil Procedure, Article 4271, provides:

> The tutor shall file a petition setting forth the subject matter to be determined affecting the minor's interest, with his recommendations and the reasons therefor, and with a written concurrence by the undertutor. If the court approves the

---

[4]     *Id.*
[5]     R. Doc. 1 at 2, ¶¶ 8-9.
[6]     *See id.* at 1.
[7]     R. Doc. 32.
[8]     R. Doc. 33.
[9]     R. Doc. 33-1 at 1.
[10]     *Id.* at 2.

> recommendations, it shall render a judgment of homologation. The court may require evidence prior to approving the recommendations.

La. Code Civ. Proc. Art 4271. The motion before the Court does not contain any indication that it has been filed by the "tutor," and it lacks a "written concurrence by the undertutor." Further, the sensitive family-law issues involved, including appointment of the tutor and undertutor, and the ultimate authorization to settle these claims, is a procedure appropriately held in Louisiana's state courts. In *Carter v. Fenner*, 136 F.3d at 1008, the Fifth Circuit held that a settlement obtained on behalf of a minor—incorporated in a consent judgment—was invalid because the minor's representative failed "to obtain *state court approval* of the settlement agreement *prior* to confecting the consent judgment" in federal court. (first emphasis added). Because the parties have not satisfied the requirements of Louisiana Code of Civil Procedure Article 4271, the Court denies the motion for approval of the settlement without prejudice.

## II. CONCLUSION

Accordingly, the Court DENIES the parties' motion WITHOUT PREJUDICE.

New Orleans, Louisiana, this __7th__ day of July, 2021.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE